# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2019

Lyle W. Cayce
Clerk

No. 18-60193
Summary Calendar

FATIMA PRISSILA MORALES-DURAN; EVA LISDEY MORALES-DURAN,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 453 302
BIA No. A208 453 306

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fatima Prissila Morales-Duran and her derivative-beneficiary, Eva Lisdey Morales-Duran, natives and citizens of El Salvador, petition for review of the decision of the Board of Immigration Appeals (BIA) upholding the decision of the immigration judge (IJ) denying their application for asylum and withholding of removal. Morales contends her claims she was threatened with

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

death by gang members in El Salvador if she did not pay them "rent" constitutes past persecution.  In addition, she asserts she was persecuted on account of her status as a single working mother without a male figure in her household.  Morales maintains she is unable to change the gang's perception of her as a single working mother or her prior compliance with their extortion demands.  She also claims she has shown a well-founded fear of future persecution based on past persecution and her knowledge that gang members in El Salvador retaliate against individuals who do not comply with their demands.

"We review factual findings of the BIA and IJ for substantial evidence, and questions of law *de novo*".  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (citation omitted); *see also Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  An alien may be granted asylum if she "is unable or unwilling to return to [her] home country" because she has been persecuted "or [has] a well-founded fear of persecution on account of" a protected status, including "membership in a particular social group".  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

A particular social group shares "a common immutable characteristic that [members] either cannot change or should not be required to change because it is fundamental to their individual identities or consciences".  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted).  In addition, a particular social group is one that has "social visibility", meaning "members of a society perceive those with the characteristic in question as members of a social group", and "particularity", meaning the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in

question, as a discrete class of persons". *Id.* at 519 (internal quotation marks and citations omitted).

The BIA ruled Morales' first proposed particular social group—"unprotected women receiving threats from gangs who flee the country of El Salvador due to the danger to themselves and their children"—was impermissibly defined by the harm suffered by its victims. *See In re A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74 (BIA 2007) ("[A] social group cannot be defined exclusively by the fact that its members have been subjected to harm".).

The BIA ruled Morales' second proposed group—"unprotected women who are targeted by gangs"—was insufficiently particular and lacked social visibility. *See Orellana-Monson*, 685 F.3d at 519 (setting forth elements of a particular social group). Although Morales asserts her status as a single working mother made her attractive to the gang members for extortion purposes, "a group's recognition for asylum purposes is determined by the perception of the society in question, rather than by the perception of the persecutor". *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014).

Therefore, Morales has not shown the BIA erred in ruling she was not entitled to asylum. *See Wang*, 569 F.3d at 536; *Zhang*, 432 F.3d at 344. And, because she has not established her entitlement to asylum, Morales is also unable to satisfy the higher standard for showing she is entitled to withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

Morales also asserts she is entitled to reversal because the IJ improperly stated that *Hernandez-Baena v. Gonzalez*, 417 F.3d 720 (7th Cir. 2005), was a fifth circuit opinion, and cited it as binding authority for the proposition that death threats, without more, are insufficient to establish persecution. As discussed above, Morales has not established her membership in a particular social group under fifth circuit precedent. Accordingly, it is not necessary to

consider whether she established past persecution.   Moreover, fifth circuit precedent holds persecution may not be based on "mere denigration, harassment, and threats".   *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).   In short, the IJ's misstatement does not compel relief.   *See Zhu*, 493 F.3d at 594.

In her final ground for relief, Morales contends the denial of relief violated her due-process rights.   Because she has not established she is entitled to remain in the United States, she has not presented a valid Fifth Amendment claim.   *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 687–88 (5th Cir. 2009).

DENIED.